U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

APR 1 8 2017

LAWRENCE K. BAERMAN, CLERK
ALBANY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Sylvia Perez )
      **Plaintiff(s)** )
)
  vs. )
Hometown Health Centers )
)
      **Defendant(s)** )

Civil Case No.: 1:17-cv-431(BKS/DJS)

**CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED**

---

Plaintiff(s) demand(s) a trial by: ☑ JURY ☐ COURT  (Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: Sylvia Perez

   Address: 229 Grand Street

            Amsterdam, NY 12010

Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Hometown Health Centers

   Official Position: Corporate Office

   Address: 1044 State Street

            Schenectady, NY 12307

    b.    **Defendant:** _____

        **Official Position:** _____

        **Address:** _____

        _____

        _____

4. This action is brought pursuant to:

   [✔] Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

   [ ] Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5. Venue is invoked pursuant to 28 U.S.C. s 1391.

6. Defendant's conduct is discriminatory with respect to the following (check all that apply):

   (A) [ ] My race or color.
   (B) [ ] My religion.
   (C) [✔] My sex (or sexual harassment).
   (D) [ ] My national origin.
   (E) [ ] My pregnancy.
   (F) [ ] Other: _____.

7. The conduct complained of in this action involves:

   (A) [ ] Failure to employ.
   (B) [✔] Termination of employment.
   (C) [ ] Failure to promote.
   (D) [ ] Unequal terms and conditions of employment.
   (E) [ ] Reduction in wages.
   (F) [✔] Retaliation.
   (G) [ ] Other acts as specified below:

   _____

   _____

8.                                    **FACTS**

Set forth the facts of your case which substantiate your claims. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

1. I, Sylvia Perez, Plaintiff suffered severe adverse employment action on March 17, 2016 by being Discriminated against, Wrongfully Terminated and Retaliated against by my employer Hometown Health Centers after filing a complaint of sexual harassment by a co-worker Mike Merendo in violation of Title VII of the Civil Rights Act.

2. On or about February 17, 2016 Mike Merendo the Security Guard / Maintenance man came to work intoxicated at 3pm. He, unknowingly and unwelcome to me approached me from behind and began to caress my neck in which I got him off me and proceeded to be told by my coworker Yanik Roman that "he was twisted" that he was drunk and had fallen throughout the building.

3. I bypassed Mike Merendo in the waiting area as he was sitting down talking incoherently and loudly that he worked with "all these beautiful women" to speak with coworker Jessica Mateo.

9.                             **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

### FIRST CAUSE OF ACTION

Individuals who seek to protect their rights under Title VII of the Civil Rights Act are entitled to do so free from retaliation. Plaintiff engaged in activity in furtherance of the rights guaranteed under Title VII. Defendant intentionally retaliated against Plaintiff because she attempted to protect her rights under Title VII. The actions of the Defendants against the Plaintiff were done with clear knowledge of their unlawfullness and were severe and egregious. The actions of the Defendants against the Plaintiff were done with reckless disregard to the Plaintiff's rights and with malice towards Plaintiff. The conduct the Plaintiff was subjected to was so severe it caused great financial loss and illness.

8. (cont.)

4. I went into Jessica Mateo's office near the waiting room and told her "did you see what he just did to me? He started touching my neck" in which she stated "did you see what he did to me? He came into my office, closed the door and sat down, he never did that before and I didn't know what to do I was scared and I told Claudia". I then told Jessica Mateo that I would ask the Supervising RN Claudia Nieto if I could leave early since it was 15 minutes to close and there were no longer any patients. I then bypassed Mike Merendo who was still sitting down talking loudly and incoherently and went to the back office and encountered the Supervising RN Claudia Nieto standing near her office listening to the events taking place through the doors. I asked if I could leave 15 minutes early as it was 4:45 because I did not feel comfortable because Mike Merendo had just come up from behind me and started caressing my neck and I did not want to be touched again. All these events were taped on surveillance.

5. The next workday and thereafter Mike Merendo began to call the Health Center intoxicated. At one call he apologized to me. He repeatedly called and asked to speak with any member of Management or the Union. I was never advised by any staff or management whether he was to return or terminated or the status of my complaint. I was called by Kathy Messore on the phone and asked what occurred. I told her that he came up from behind me without me knowing anything was going on and started caressing my shoulders and that "I got him off me" and that he was continuing to call the Health Center asking to speak to Management. Kathy Messore sent an email to staff requesting information on his calls and I replied that he kept insisting on speaking to Management and that he "sounded out of sorts".

1

6. During this time the Program Manager Lourdes Thebaud would not look at me or talk to me unless it was to yell at me and make false accusations. I began to get ill from the hostility and intimidation.

7. On March 16, 2016 at approximately 4:30 pm Kathy Messore called me and told me to report to her office the next day at 8:30 am. I asked what this was about and she refused to tell me. I told her I wanted a Union Rep present and she said I did not need one. I insisted a union rep be present.

8. On my termination date of March 17, 2016 I was told by Kathy Messore that I was

was being terminated for "something I said". I then stated "what did I say to be terminated if the Manager lets her employees call people "N***A" and "M*FK* N***A repeatedly in the workplace in her presence"? Kathy Messore then became upset about that and stated "tell me right now what employees say that so we can investigate" I stated "If I give you that information will that change my termination"? She replied "No". I then told her I would assist her in her investigation.

9. I was instructed to file for Unemployment Benefits and she gave me the HHC Taxpayer ID #. Also present in the room was Shalissa the Union Rep and Karen Iopice the Supervisor of Program Manager Lourdes Thebaud. I realized this was a pretext for filing the Sexual Harassment complaint because I had never been progressively disciplined per the Union CBA and there was no just cause for my termination.

10. I was wrongfully terminated without just cause, in violation of the CSEA Union CBA and Title VII of the Civil Rights Act of 1964.

2

11. I was accused of incidents that were false. I was never late to the facility. I had even been forced to assume the Position of Security / Maintenance before Mike Merendo was hired because the prior employee in that position, Shana Quin quit. The Program Manager Lourdes Thebaud did not want to open and close the facility as was her duty. As a brand new employee I was given the Security Code and Keys to the entire facility and without incident or concern I assumed both duties, never faltering for approximately 6 month. Other employees asked why I was being forced to assume a position not in my job description in which I replied I was doing as told by my Manager. The facility ran efficiently during my time there. I was the first to arrive and last to leave and never late unless on rare occasions the time clock was broken and it would take a few moments to clock in. I was the initiator of the RN/ RX Call Lines implemented shortly upon my hire after complaints from Patients that the Clinical Staff consisting of RN Claudia Nieto and LPN Cereda Hayes would not take any patient calls. RN Nieto did not want any staff giving her messages from patients in any format whether it was via voicemail, paper or in person. This implementation alleviated the problem because the main facility in Schenectady had it.

12. On the date I was terminated I was not given a reason and none of the proper forms were used by HHC. I was told to file for Unemployment Benefits which immediately sounded fraudulent as employees who commit violations of job performances are not granted Unemployment Insurance and I had never filed for Unemployment Insurance.

13. No Union Contract CBA Progressive Discipline was ever used by Hometown Health Center for me as this was clearly a wrongful termination for complaining of sexual harassment and asking to leave 15 minutes early to close so as not to get assaulted again by Mike Merendo. Mike Merendo did not come back to the facility, it is upon my belief he was terminated. At the Union Arbitration Hearing, Union Rep Shalissa stated that Lourdes Thebaud had been let go as

3

well as her manager Karen Iopice as well as the Security Guard Mike Merendo. **If I had not asked to leave 15 minutes early on February 17, 2016 due to sexual harassment I would not have been terminated.** Plaintiff wanted to stay employed at the Health Center and met every qualification for the job performances. Plaintiff was falsely accused of acts that never took place. Plaintiff did so well at her duties that upon hire she was forced to assume the position of Security / Maintenance for months until Mike Merendo was hired. The additional responsibilities were not given to similarly situated employees and was even questioned by Management as to why Plaintiff was to solely open and close the facility when it was previously the responsibility of Management. Without incident or concern Plaintiff assumed the additional position. The Plaintiff never faltered in opening and closing the clinic on time and there were never any complaints.

14. The employees who regularly used the racial slurs were RN Claudia Nieto in which she used the words N****R repeatedly in the waiting room immediately upon my hire and in front of the Program Manager and numerous staff. I was insulted because I had never encountered a workplace that used racial slurs and with my daughter being half black and some of our staff having black relatives I was in shock and disturbed. Jessica Mateo thereafter used the racial slurs on a regular basis in front of the Program Manager and was never told to cease, it was very disturbing as the Program Manager is married to someone of that race.

15. These severe adverse actions would deter a reasonable person from exercising their Rights under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law.

Exhibit A is attached if accepted.

4

## SECOND CAUSE OF ACTION

The actions of the Defendants which violate Title VII of the Civil Rights Act of 1964 also constitute violations of the New York State Human Rights Law. Plaintiff is entitled to damages for violations of the New York State Human Rights Law.

## THIRD CAUSE OF ACTION

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

    March 18, 2016
    (Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached**) which was received by me on or about:

    January 23, 2017
    (Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15. **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:
Plaintiff prays for relief for severe economic loss, damages, severe emotional distress, physical and psychological damages, punitive damages as well as Attorney fees incurred in the amount of $80,000 and any other relief the Court deems just.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 4/17/17

_Sylvia Perez_
_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010